UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATAMOUNT PROPERTIES 2018, LLC, <br> Plaintiff, <br> v. <br> CECILLE QUESADA PAED, <br> Defendant. | Case No. 21-cv-03023-JST <br><br> **ORDER TO SHOW CAUSE** <br> Re: ECF No. 1 |

On April 22, 2021, Defendant Cecille Quesada Paed, proceeding pro se, removed this unlawful detainer action from the San Mateo Superior Court. ECF No. 1.

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). If the district court determines that it lacks jurisdiction, the action must be remanded back to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). There is a "strong presumption" against finding removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). The Court "resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042.

Paed fails to establish a basis for federal jurisdiction. Although her notice of removal makes passing reference to a variety of federal statutes, ECF No. 1 at 2-3, none of them are at issue in the underlying action, which is a simple state unlawful detainer action between non-diverse parties, *see id.* at 7. Paed also refers to Case No. 19-cv-08123-EMC, which appears to be

1 a prior attempt by Paed to remove the same case.  There, Judge Chen granted Plaintiff's motion to
2 remand on February 25, 2020, finding that removal was likely improper and that the Court had no
3 basis for jurisdiction.  *See* Case No. 19-cv-08123-EMC, ECF No. 9.  None of the parties'
4 circumstances appear to have changed since the entry of Judge Chen's order.

Accordingly, the Court directs Paed to show cause why this action should not be remanded to state court or lack of subject matter jurisdiction and/or otherwise improper removal of this action.  Plaintiff may, but is not required to, file a brief simultaneously on the same issues.  Briefs must be filed no later than June 1, 2021.  If Paed fails to file a brief, the Court will remand the case.

**IT IS SO ORDERED.**

Dated: May 18, 2021



JON S. TIGAR
United States District Judge